Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Hares Fakoor                               Docket No. 1:18CR00355-001

### Petition on Supervised Release

COMES NOW Barry E. Raymond, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Hares Fakoor, who was placed on supervision by the Honorable Anthony J. Trenga, Senior United States District Judge sitting in the Court at Alexandria, Virginia, on the 3rd day of May 2019, who fixed the period of supervision at 10 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Returnable Date:** 10/24/2023 at 10:00 a.m.

**ORDER OF COURT**

Considered and ordered this 4th day of October, 2023 and ordered filed and made a part of the records in the above case.

/s/
Anthony J. Trenga
Senior United States District Judge

Anthony J. Trenga
Senior United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: October 3, 2023

BE Raymond
Digitally signed by Barry E. Raymond
Date: 2023.10.03 14:27:23 -04'00'

Barry E. Raymond
Senior U.S. Probation Officer
703-366-2133

Place: Manassas, Virginia

**TO CLERK'S OFFICE**

**Petition on Supervised Release**
**Page 2**
**RE: FAKOOR, Hares**

OFFENSE: Receipt of Child Pornography, in violation of Title 18, U.S.C., Sections 2252(a)(2) and (b)(1).

SENTENCE: Mr. Fakoor was sentenced to 62 months of imprisonment, with credit for time served, followed by 10 years of supervised release, with the following special conditions: 1) the defendant shall pay restitution in an amount to be determine by the Court, due and payable immediately, with any unpaid balance to be paid in equal monthly payments of $150, to commence within 60 days of release, until paid in full; 2) the defendant shall provide the probation office with any requested financial information; 3) the defendant shall apply all monies received from tax refunds, lottery winnings, inheritances, and any other anticipated or unexpected financial gains to outstanding restitution; 4) the defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychological and a psychosexual evaluation, as well as sex offender treatment. As part of the mental health treatment, he shall submit to polygraph testing as directed by the United States Probation Officer as part of his sex offender therapeutic program. The costs of these programs are to be paid by the defendant, as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider; 5) the defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has revert to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding the substance abuse treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the substance abuse treatment provider; 6) pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the State Sex Offender Registration Agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, according to Federal and State Law and as directed by the probation officer; 7) pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court or with a warrant; 8) the defendant shall not have any access to or possess any pornographic material or pictures displaying nudity or any magazines using young juvenile models or pictures of juveniles under the age of 18; 9) the defendant shall have no contact with minor unless supervised by a competent, informed adult, approved in advance by the probation officer. Further, the defendant shall not accept any paid or volunteer positions involving children; 10) the defendant shall comply with the requirements of the Computer Monitoring Program as administered by the United Stated Probation Office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant. Further, the defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. This includes any Internet service providers, bulletin board systems, or any other public or private computer network; 11) the defendant shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the

**Petition on Supervised Release**
**Page 3**
**RE: FAKOOR, Hares**

probation officer to verify compliance with this condition including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills; and 12) the defendant shall not possess or utilize any video gaming system, console, or other such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant.

PREVIOUS VIOLATION: On July 6, 2022, a violation petition was submitted to the Court that alleged that the defendant had accessed the internet without the permission of the probation office and without computer monitoring installed on the desk top computer he was using. The defendant disclosed on June 22, 2022, that since his release on June 16, 2022, he had accessed the internet and in addition to studying for a computer programming exam, he had accessed commercial adult pornography websites such as Pornhub.com, XNXX.com and Xhamster.com. He admitted to accessing these sites 2-3 times daily over this time period and noted that he was viewing "adult" and "normal" stuff.

On August 24, 2022, the defendant appeared before the Court for a hearing on violation of supervised release and stipulated to the violations alleged. On that date, Your Honor continued the matter for three months to allow the probation office to monitor the defendant's conduct and progress.

On November 7, 2022, a violation addendum was submitted to Your Honor which alleged that during a polygraph conducted on October 21, 2022, the defendant disclosed that he had again accessed the internet on numerous occasions without the permission of the probation office. The defendant denied accessing pornography and stated that he accessed the internet for the purposes of studying and employment searches. The polygraph was found to be truthful.

On November 17, 2022, the defendant appeared before Your Honor and was sentenced to five (5) days of incarceration on the violation. Upon release, it was ordered that a new 10-year period of supervised release commence with all original terms and conditions remaining in full force and effect.

SUPERVISION ADJUSTMENT: After his release from incarceration on the violation in November 2022, the defendant's progress has been marginal. He has failed to secure employment after several meetings with the probation officer to address this issue and was recently discharged from sex offender treatment for non-compliance.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**STANDARD CONDITION #5:** "THE DEFENDANT SHALL WORK REGULARLY AT A LAWFUL OCCUPATION, UNLESS EXCUSED BY THE PROBATION OFFICER FOR SCHOOLING, TRAINING, OR OTHER ACCEPTABLE REASONS."

Since the commencement of supervision, this officer and the defendant have discussed his employment goals and the supervision requirement to secure viable employment. The defendant has expressed a desire to work in the field of computer programming and development, and has obtained several certifications that would increase his chances of fulfilling his goals in this field.

**Petition on Supervised Release**
Page 4
RE: FAKOOR, Hares

This officer advised the defendant early in supervision that due to the nature of his conviction it would be very difficult to secure employment in his field of choice. Initially, this officer advised the defendant that I would support his efforts and allow him to study to obtain additional certifications while also applying for employment in this field.

After approximately five months with no success, this officer advised the defendant that although he could continue to study and apply for jobs in the computer field, he would be required to secure employment in any number of areas. This officer again noted to the defendant that due to his instant offense, a protracted time frame may be necessary to secure employment in the computer industry and that he could not remain unemployed for an indeterminate period.

On August 26 and September 30, 2022, this officer provided the defendant with information regarding two potential jobs and instructed him to apply for these position openings. On October 18, 2022, this officer met with the defendant and inquired as to if he had applied for these jobs. He advised that he had not followed up with either job prospect.

On July 20, 2023, the defendant forwarded to this officer an email from a potential employer that reflected that his application had been forwarded to human resources for approval and that if approved, a formal offer would be forthcoming. As of this writing, no formal offer has been extended to the defendant.

Despite the probation office's repeated instructions and efforts, the defendant remains unemployed.

| | |
|---|---|
| **SPECIAL CONDITION #4:** | "THE DEFENDANT SHALL PARTICIPATE IN A PROGRAM APPROVED BY THE UNITED STATES PROBATION OFFICE FOR MENTAL HEALTH TREATMENT, TO INCLUDE A PSYCHOLOGICAL AND A PSYCHOSEXUAL EVALUATION, AS WELL AS SEX OFFENDER TREATMENT. AS PART OF THE MENTAL HEALTH TREATMENT, HE SHALL SUBMIT TO POLYGRAPH TESTING AS DIRECTED BY THE UNITED STATES PROBATION OFFICER AS PART OF HIS SEX OFFENDER THERAPEUTIC PROGRAM. THE COSTS OF THESE PROGRAMS ARE TO BE PAID BY THE DEFENDANT, AS DIRECTED BY THE PROBATION OFFICER. THE DEFENDANT SHALL WAIVE ALL RIGHTS OF CONFIDENTIALITY REGARDING SEX OFFENDER/MENTAL HEALTH TREATMENT TO ALLOW THE RELEASE OF INFORMATION TO THE UNITED STATES PROBATION OFFICE AND AUTHORIZE COMMUNICATION BETWEEN THE PROBATION OFFICER AND TREATMENT PROVIDER." |

On September 25, 2023, this officer was contacted via email by the defendant's sex offender therapist, Niralee Desai, and advised that the defendant had been discharged from treatment for ongoing compliance issues and excessive absences.

Petition on Supervised Release
Page 5
RE: FAKOOR, Hares

Specifically, sex offender group participants are permitted three (3) unexcused absences prior to an unsuccessful discharge. The defendant accrued unexcused absences on February 22, 2023, May 10, 2023, June 28, 2023, and September 25, 2023. In addition to his absences, the defendant was recently instructed by his therapist to complete an assignment and he failed to do so. After being permitted another chance to complete the required work, the defendant again failed to do so.

BER/lmg