Prob 12A (10/16)
VAE (9/19)

**UNDER SEAL**

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Hares Fakoor     Docket No. 1:18CR00355-001

**Petition on Supervised Release**

COMES NOW Brent D. Keith, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Hares Fakoor, who was placed on supervision by the Honorable Anthony J. Trenga, Senior United States District Judge sitting in the Court at Alexandria, Virginia, on the 3rd day of May, 2019, who fixed the period of supervision at 10 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

**See Page 2**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**See Attachment(s)**

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**It is hereby ORDERED** that the petition, with its attachment and arrest warrant be sealed. **It is further ORDERED** the petition, its attachment and arrest warrant shall remain sealed until the warrant is executed, at which time the petition, its attachment and warrant, should be unsealed and made part of the public record.

**Bond Recommendation: NONE**

**ORDER OF COURT**

Considered and ordered this 17th day of October 2024 and ordered filed and made a part of the records in the above case.

/s/
Rossie D. Alston, Jr.
United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: 10/17/2024

**Brent Keith** 2024.10.17 17:12:30 -04'00'

Brent D. Keith
Supervising U.S. Probation Officer

Place Manassas, Virginia

**TO CLERK'S OFFICE**

**Petition on Supervised Release**
Page 2
RE: Fakoor, Hares

OFFENSE: Receipt of Child Pornography, in violation of Title 18, U.S.C., Sections 2252(a)(2) and (b)(1).

SENTENCE: 62 months' imprisonment with the Bureau of Prisons, to be followed by 10 years of supervised release.

Special conditions of supervision are as follows:

1) The defendant shall pay restitution in an amount to be determined by the Court, due and payable immediately, with any unpaid balance to be paid in equal monthly payments of $150, to commence within 60 days of release, until paid in full.

2) The defendant shall provide the probation officer with any requested financial information.

3) The defendant shall apply all monies received from tax refunds, lottery winnings, inheritances, and any other anticipated or unexpected financial gains to outstanding restitution.

4) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychological and a psychosexual evaluation, as well as sex offender treatment. As part of the mental health treatment, he shall submit to polygraph testing as directed by the United States Probation Officer as part of his sex offender therapeutic program. The costs of these programs are to be paid by the defendant, as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

5) The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding the substance abuse treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the substance abuse treatment provider.

6) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the State Sex Offender Registration Agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, according to Federal and State Law and as directed by the probation officer.

7) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court or with a warrant.

8) The defendant shall not have any access to or possess any pornographic material or pictures displaying nudity or any magazines using young juvenile models or pictures of juveniles under the age of 18.

9) The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved

**Petition on Supervised Release**
**Page 3**
**RE: Fakoor, Hares**

in advance by the probation officer. Further, the defendant shall not accept any paid or volunteer positions involving children.

10) The defendant shall comply with the requirements of the Computer Monitoring Program as administered by the United States Probation Office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant. Further, the defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. This includes any Internet service providers, bulletin board systems, or any other public or private computer network.

11) The defendant shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with this condition including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

12) The defendant shall not possess or utilize any video gaming system, console, or other such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant.

Additionally, a $100 special assessment was imposed, which was satisfied on May 11, 2020.

On March 5, 2020, a Restitution Order was filed, requiring the defendant to pay restitution totaling $8,350.00. The Order further required that the defendant pay at least $100 per month or 25% of his net income, whichever is greater.

On June 16, 2022, Mr. Fakoor was released from the Bureau of Prisons to begin his 10-year term of supervised release.

ADJUSTMENT TO SUPERVISION:

On July 6, 2022, a violation petition was submitted to the Court advising that the defendant had accessed the internet without the permission of the probation office and without computer monitoring installed on a desktop computer he possessed. The defendant disclosed on June 22, 2022, that since his release on June 16, 2022, he had accessed the internet and in addition to studying for a computer programming exam, he had accessed commercial adult pornography websites such as Pornhub.com, XNXX.com, and Xhamster.com. He admitted to accessing these sites 2-3 times daily over this period and noted that he was viewing "adult" and "normal" stuff.

On August 24, 2022, the defendant appeared before the Court for a hearing on violation of supervised release and stipulated to the violations alleged. On that date, Your Honor continued the matter for three (3) months to allow the probation office to monitor the defendant's conduct and progress.

**Petition on Supervised Release**
Page 4
RE: Fakoor, Hares

On November 7, 2022, a violation addendum was submitted to Your Honor which alleged that during a polygraph conducted on October 21, 2022, the defendant disclosed that he had again accessed the internet on numerous occasions without the permission of the probation office. The defendant denied accessing pornography and stated that he accessed the internet for the purposes of studying and employment searches. The polygraph was found to be truthful.

On November 17, 2022, the defendant appeared before Your Honor and was sentenced to five (5) days of incarceration on the violation. Upon release, it was ordered that a new ten (10)-year period of supervised release commence with all original terms and conditions remaining in full force and effect.

On October 3, 2023, a violation petition was submitted to Your Honor which alleged that Mr. Fakoor had been terminated from sex offender treatment and failed to obtain employment.

On November 15, 2023, a Final Hearing for Revocation of Supervised Release was held where the defendant admitted the violations. The Court continued the hearing to February 21, 2024, and ordered that the defendant participate in the CCFS treatment program and not consume any alcohol in the interim.

Mr. Fakoor was terminated from the CCFS treatment program on January 10, 2024, due to a lack of amenability to the treatment provider's program. Further, the defendant failed to secure employment. An Addendum to the Petition on Supervised Release was submitted to the Court to report these violations on February 9, 2024.

On February 21, 2024, Mr. Fakoor appeared before the Court and was found in violation of the terms of his supervised release. The defendant was ordered to be remanded to the custody of the U.S. Marshals for fifteen (15) days followed by the continuation of the term of supervised release. His conditions of supervised release (Standard Condition No. 5) were amended as follows: The defendant shall spend at least thirty (30) hours per week at a lawful occupation or community service as approved by probation unless excused by the probation officer for schooling, training, or other acceptable reasons.

Mr. Fakoor was released from U.S. Marshal custody on March 6, 2024, to continue his ten 10-year term of supervised release. Since his release, the defendant has failed to secure employment or complete the requisite thirty (30) hours per week of community service. It should be noted that the probation office allowed the defendant to complete twenty (20) hours of community service a week in a show of good faith and willingness to allow Mr. Fakoor to spend more time searching for employment. However, Mr. Fakoor has failed to complete twenty (20) hours of community service per week since his release. Additionally, the defendant has failed to make required monthly payments towards his court-ordered financial obligation. His last payment was made on January 9, 2024, and the outstanding balance is $2,518.11.

In response, on August 2, 2024, the Court modified Mr. Fakoor's conditions to include:

> The defendant is to make every possible effort to obtain employment. The defendant's search for employment may be directed as deemed reasonably appropriate by the probation officer, and the defendant's progress may be monitored in a means deemed reasonably appropriate by the probation officer.

**Petition on Supervised Release**
**Page 5**
**RE: Fakoor, Hares**

> The defendant's use of and access to any computer or personal electronic device will be at the direction of the probation officer. The probation officer will determine suitable times and manners for using these devices, to include personal contacts, internet access, and entertainment. The probation officer may set specific times and purposes for use. The defendant will be prohibited from using any devices in any manner other than those prescribed by the probation officer.

Since that time, probation has restricted Mr. Fakoor's computer access to two (2) hours a day for the purpose of applying for jobs and responding to interview requests. Additional time and considerations have been given as needed. Additionally, probation has monitored Mr. Fakoor's job search, in which he has remained unsuccessful.

On August 23, 2024, the probation office received an email from Mr. Fakoor's sex offender treatment provider advising that the defendant reported drinking ten (10) to twelve (12) beers the evening before and the same quantity the evening before that. Further, according to the treatment provider, Mr. Fakoor had reported consuming alcohol over the prior weekend. The treatment provider noted that Mr. Fakoor was consuming alcohol around the time of the instant offense and expressed concern at the correlation. Finally, the treatment provider advised that Mr. Fakoor appeared unmotivated to stop consuming alcohol.

On August 30, 2024, Mr. Fakoor signed a Probation Form 49, agreeing to amend his conditions to include that he must abstain from alcohol. The probation office advised Mr. Fakoor that he could no longer consume alcohol, as it could be detrimental to his treatment, his job search, and possibly his freedom. He acknowledged this directive and advised that he would comply.

On September 4, 2024, Senior U.S. Probation Officer Robert Walters made contact with Mr. Fakoor at his home. During the contact, Mr. Fakoor advised that he consumed alcohol on August 31, 2024, and acknowledged that he knew he was not allowed to do this. Mr. Fakoor was again instructed not to consume alcohol.

On September 9, 2024, Officer Walters discussed Mr. Fakoor's most recent alcohol use with the treatment provider. It was determined that the best course of action would be monitoring Mr. Fakoor through a Random Alcohol Testing device, as well as requiring him to abstain from the consumption of alcohol. It should be noted that the treatment provider also reported that the defendant has presented in recent sessions as combative, rude, and insulting towards the provider and other members of the treatment group.

Considering the defendant's failure to find employment, complete community service hours, and pay his fine, coupled with his apparent unwillingness to abstain from the consumption of alcohol, a modification of his special conditions was presented to Mr. Fakoor. On September 11, 2024, the defendant signed a Probation Form 49 with Officer Walters, agreeing to modify the conditions of his supervision and waiving his right to a hearing. On September 13, 2024, Your Honor executed the Form 49, ordering that the defendant not possess or consume alcohol, and that he participate in remote alcohol testing as directed by probation.

Since that time, the defendant has unfortunately tested positive for the use of alcohol through remote alcohol testing, failed to submit to remote alcohol testing as required, and was recently unsuccessfully discharged from treatment. Of great concern to this officer is the defendant's email to the treatment provider, submitted by the defendant on October 17, 2024, at 2:10pm, wherein he stated thoughts of committing suicide as well as methods

**Petition on Supervised Release**
**Page 6**
**RE: Fakoor, Hares**

by which he would take his life. The treatment provider contacted this officer upon receipt of the email and noted that they had serious concerns that the defendant had both the means and mindset to attempt suicide.

This officer immediately called the defendant's mother and advised her of this officer's grave concern for the defendant's safety. As she was driving, she returned home and had the defendant call this officer. The defendant at first denied making any suicidal statement until this officer read his email back to him. He then stated that he was just expressing how he was feeling, but did not intend to commit suicide. This officer than provided the defendant two options, to go immediately to a medical provider and obtain consultation, or this officer would request that local police go to his residence for a safety and welfare check. The defendant agreed that he would go to a medical provider, and was instructed by this officer to have the medical provider call this officer once he was in their office to discuss his situation.

Although this officer hopes that the defendant does follow through with the instructions provided by this officer, a warrant is being requested to both address the violation conduct and to mitigate the potential risk the defendant poses to himself and others based on his current mental state.

<u>VIOLATIONS</u>: The following violations are submitted for the Court's consideration.

**SPECIAL CONDITION:**            **USE OF ALCOHOL**

**SPECIAL CONDITION:**            **FAILURE TO SUBMIT TO REMOTE ALCOHOL TESTING**

On October 5, 2024, the defendant submitted a scheduled breathalyzer via the remote alcohol testing equipment. The sample registered a BAC of .146%.

The defendant is currently scheduled to take samples at 7:00am, 2:00pm, and 11:00 p.m. each day. From October 9, 2024, through this date, the defendant has missed a total of 23 scheduled breathalyzer tests.

**SPECIAL CONDITION:**            **FAILURE TO SATISFACTORILY PARTICIPATE IN SEX OFFENDER/MENTAL HEALTH TREATMENT.**

On October 16, 2024, the defendant was unsatisfactorily terminated from sex offender and mental health treatment by Counseling and Forensic Services for failure to comply with treatment and his contract.

**SPECIAL CONDITION:**            **FAILURE TO PAY RESTITUTION:**

The defendant's last restitution payment was received on January 9, 2024, and the outstanding balance is $2,518.11.

BDK